IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS MARTEL,

        Plaintiff,                          No. CIV S-04-0014 DFL PAN P

    vs.

R. L. ANDREASEN, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis seeking relief pursuant to 42 U.S.C. § 1983. On December 27, 2005, plaintiff moved to file an amended complaint. On March 2, 2006, defendants Andreasen, Donahue, Dan and Moor filed a notice of non-opposition to plaintiff's motion.

        Accordingly, plaintiff's motion to amend his complaint will be granted.

        The complaint states a cognizable claim for relief against Dan, Donahue, Andreasen, Moor and Baughman pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Defendants Andreasen, Donahue, Dan and Moor have been served with process. The court will direct plaintiff to provide papers necessary to serve process on defendant Baughman.

1  The court is required to screen complaints brought by prisoners seeking relief
2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6  U.S.C. § 1915A(b)(1),(2).

7  The complaint does not state a claim for relief against defendants Sethi or Carey.

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15 A complaint, or portion thereof, should only be dismissed for failure to state a
16 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
17 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
18 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
19 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
20 complaint under this standard, the court must accept as true the allegations of the complaint in
21 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
22 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
23 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24 Plaintiff alleges defendant Sethi diagnosed plaintiff with a sinus infection and
25 arthritis, and referred plaintiff to a different physician for a sinus infection when in fact plaintiff's
26 pain was from wires in his face.

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing defendants knew of and disregarded plaintiff's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Neither negligence on the part of defendants nor plaintiff's general disagreement with the treatment he received suffices to state a claim. <u>Estelle</u>, 429 U.S. at 106; <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988); <u>Jackson v. McIntosh</u>, 90 F.3d 330, 331 (9th Cir. 1996).

Plaintiff's allegations are insufficient to state a claim and so the court finds defendant Sethi should not be served with process.

Plaintiff alleges defendant Carey failed to correct his subordinates' alleged violations of plaintiff's constitutional rights and failed to ensure a physician was on duty in the clinic over Thanksgiving weekend in 1999.

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegations are insufficient to state a claim and so the court finds defendant Carey should not be served with process.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 27, 2005, motion to file an amended complaint is granted;

2. Defendants Andreasen, Dan, Donahue and Moor have 30 days from the date of this order to respond to the amended complaint;

3. Service is appropriate for defendant Baughman;

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons,

1 an instruction sheet and a copy of the complaint filed December 27, 2005.

2      5. Within 30 days from the date of this order, plaintiff shall complete the attached

3 Notice of Submission of Documents and submit the following documents to the court:

4      a. The completed Notice of Submission of Documents;

5      b. One completed summons;

6      c. One completed USM-285 form for each defendant listed in number 3

7      above; and

8      d. Two copies of the endorsed complaint filed December 27, 2005.

9      5. Plaintiff need not attempt service on defendants and need not request waiver of

10 service. Upon receipt of the above-described documents, the court will direct the United States

11 Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4

12 without payment of costs.

13 DATED: April 27, 2006.

                           UNITED STATES MAGISTRATE JUDGE

17 \004
\mart0014.1new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS MARTEL,

      Plaintiff,                             No. CIV 04-0014 DFL PAN P

     vs.

R. L. ANDREASEN, et al.                <u>NOTICE OF SUBMISSION</u>

      Defendants.                     <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

           _1_      completed summons form

           _1_      completed USM-285 forms

           _2_      copies of the _December 27, 2005_
                                            Amended Complaint

DATED:

                                                                Plaintiff